LUISA MARÍA RODRÍGUEZ, Plaintiff and Appellant, *v.*
ANTONIO ALCOVER POL, Defendant and Appellee.

No. 11319. Argued November 10, 1955.—Decided November 30, 1955.

*Néstor A. Rodríguez Escudero* for appellant. *Héctor Reichard* for appellee.

MR. JUSTICE MARRERO delivered the opinion of the Court.

Although the allegations of the complaint which appear in the record are the ordinary ones of a classic injunction,[1] the parties insisted during the trial as well as in their briefs that we are dealing with an injunction to recover possession.[2] See 32 L.P.R.A., §§ 3561–66. After the evidence introduced by both parties was heard, the lower court rendered judgment dismissing the complaint and ordering the payment of costs plus $100 for attorney's fees. Plaintiff appealed.

Appellant alleges in the first place that the lower court erred in rendering judgment 77 days after the case was submitted, thus violating Rule No. 10 of the Rules of

---

[1] It is alleged in the complaint that plaintiff owns a lot and house located at Stone Street, in the town of Lares; that in October, 1952, the defendant, without plaintiff's consent and over her express objection, trespassed on and usurped her property and started to construct a room so near her lot that the repair of her house has been made difficult and "the privacy of plaintiff's home" has been destroyed; that the Planning Board revoked the permit granted to defendant and ordered him to stop constructing on the lot in question; that plaintiff used the back yard, on which defendant had trespassed and usurped as a poultry yard and for other purposes; that defendant persists in continuing to usurp and trespass on plaintiff's lot; that no right of servitude or ordinary adequate, speedy and efficient proceeding exists by which defendant may be prevented from continuing to act as already described and that "the restriction and prohibition of defendant's acts by means of an injunction is necessary to avoid a multiplicity of suits; that a pecuniary compensation would not provide adequate remedy to plaintiff . . . ; and that it would be extremely difficult to fix an amount of compensation which could provide adequate remedy." Plaintiff prays that the complaint be granted "and, specifically, [that] judgment be rendered ordering a perpetual injunction against defendant, forbidding him . . ."

In view of the testimony of the parties, the complaint may be considered as amended to conform it to a possessory injunction. See Rules 15(b) and 81 of the Rules of Civil Procedure.

[2] Plaintiff's attorney affirmed so in the hearing.

Administration for the Court of First Instance of the Commonwealth of Puerto Rico.[3] We do not agree. According to the transcript of evidence (p. 150), the court granted time to the parties at the end of the trial for filing their briefs and took the case under advisement. It does not appear, however, when the briefs were filed. This being so, we can not possibly conclude that the judgment was not rendered within the 45 days prescribed by the aforementioned rule. Moreover, even assuming that the case was not decided within the 45 days after the case was submitted to the court, that period of time is merely directory and its nonfulfillment does not render the judgment void. *Cf. Bages & Co., Inc.* v. *District Court,* 65 P.R.R. 204, 206; *Tardi* v. *Tardi,* 30 P.R.R. 209; *Franco* v. *Martínez,* 30 P.R.R. 803.

 Appellant alleges in the second place that the lower court erred in denying the inspection of the premises requested by her. We do not agree here either. We have repeatedly held that the granting of a view of this nature rests entirely in the sound discretion of the trial court. *Martínez* v. *Martínez,* 68 P.R.R. 191, 195; *Jiménez* v. *Fletcher,* 67 P.R.R. 153, 155. An examination of the transcript of evidence does not convince us that the lower court abused that discretion.

 Plaintiff further insists that the lower court erred in weighing the evidence. In injunction proceedings of this nature the only question to be decided is the fact itself of the possession, without prejudice to any other rights that the parties might have and which could be decided in a plenary suit. *Janer* v. *Alvarez,* 75 P.R.R. 34, 36; *Heirs of Figueroa* v. *Hernández,* 72 P.R.R. 474, 478; *Rodríguez* v.

---

[3] Rule No. 10 of the Rules of Administration for the Court of First Instance provides that:

"Except when a longer period is necessary because of the nature of the case or some extraordinary circumstance, *all cases tried on the merits shall be decided within forty-five (45) days* and all other judicial matters within fifteen (15) days from the date on which the matter was submitted to the Court." (Italics ours.)

*Suárez,* 71 P.R.R. 681, 687; *Mena* v. *Llerandi,* 70 P.R.R. 163, 166; *Navedo* v. *Amato,* 70 P.R.R. 639, 643 (note 1); *Rivera* v. *Cancel,* 68 P.R.R. 339, 343. The evidence adduced by each party was mainly oral. It was conflicting but the lower court, as was its duty, decided the conflict by giving credit to defendant's evidence. *Silva* v. *John Doe,* 75 P.R.R. 198, 212. In our judgment, the lower court did not err. Its finding as to the fact of the possession is supported by the evidence submitted to it. Under these circumstances, we can not say that this error was committed either. See *Santiago* v. *González,* 71 P.R.R. 882, 891; *Adm. Bd. of Pier Etc.* v. *P. R. Am. Sugar Refinery,* 70 P.R.R. 338; *Santiago* v. *Méndez,* 52 P.R.R. 256, 260; *Vázquez* v. *Díaz,* 51 P.R.R. 171; *Hoyo* v. *Cortés,* 44 P.R.R. 919.

Finally, appellant alleges that the trial court erred in ordering the payment of costs and attorney's fees. The imposition of costs on the losing party is mandatory according to Act No. 411 of May 11, 1951 (Sess. Laws, p. 1094). *Maysonet* v. *Heirs of Arcelay,* 70 P.R.R. 155, 163. The imposition of attorney's fees is also mandatory whenever the trial court deems that the party against whom judgment is rendered has been obstinate. *Soto* v. *Lugo,* 76 P.R.R. 416, 417; *Castro* v. *Payco, Inc.,* 75 P.R.R. 59, 71. Although in the case at bar the lower court did not specifically say that plaintiff acted with obstinacy, the conclusion is to be presumed since the court ordered her to pay the fees. *Vélez* v. *Ríos,* 76 P.R.R. 806.

The errors assigned not having been committed, the judgment appealed from must be affirmed.